A92A2319. CLAYTON COUNTY BOARD OF TAX ASSESSORS v. LAKE SPIVEY GOLF CLUB, INC. et al.
(428 SE2d 687)

JOHNSON, Judge.

The Clayton County Board of Tax Assessors determined that the fair market value of the Lake Spivey Golf Club as of January 1, 1991, was $2,770,000. Lake Spivey Golf Club, Inc. and Golf South, Inc. d/b/a Lake Spivey Golf Club appealed the board's decision to the superior court. The board served requests for production of documents on Lake Spivey, Golf South and two nonparties, Tara State Bank and the Small Business Administration (SBA). Lake Spivey and Golf South filed a motion for a protective order to prevent the board from obtaining any of the requested documents. The board filed a motion to compel discovery. At the hearing on the motions, the board presented one witness in support of its motion while Lake Spivey and Golf South presented no evidence. The court entered an order granting the motion for a protective order of Lake Spivey and Golf South and denying the board's motion to compel. In its order the court also ruled that a prior jury verdict establishing the fair market value of

the property on January 1, 1990, as $1,700,000 is admissible evidence at the trial of this case. We granted the board's application for interlocutory review of the court's order.

1. The board correctly contends that the trial court erred in ruling that the prior jury verdict as to the 1990 value of the property is admissible evidence. "Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1. The issue in this case is the fair market value of the golf club on January 1, 1991. The opinion of a jury, after hearing conflicting evidence, as to the value of that property a year earlier does not bear upon this issue either directly or indirectly. The instant case is analogous to condemnation cases in which the only question is the fair market value of the property on the date of the actual taking. In those cases, the jury cannot consider the value of the property prior to the actual taking. *Brookhaven Assoc. v. DeKalb County*, 187 Ga. App. 749, 750 (1) (371 SE2d 231) (1988). Similarly, the jury in the instant case cannot consider the value of the Lake Spivey Golf Club prior to January 1, 1991. Only evidence which shows the value of the property on that date is relevant and admissible.

Moreover, direct testimony as to market value is in the nature of opinion evidence. OCGA § 24-9-66. "To give an opinion on value the witness must supply reasons by showing knowledge, experience or familiarity as to value." *City of Alma v. Morris*, 180 Ga. App. 420, 421-422 (3) (349 SE2d 277) (1986). In the present case, there is no procedure by which the parties could question the jury in the prior case about the reasons for its opinion of the property's 1990 value and the prior jury could not relate its opinion to the value of the property on January 1, 1991. The instant case cannot be used as a vehicle to retry that prior case. The trial court abused its discretion in ruling that the prior jury verdict is admissible evidence. See generally *West v. Nodvin*, 196 Ga. App. 825, 827 (2) (b) (397 SE2d 567) (1990).

2. The board contends that the trial court erred in issuing a protective order limiting discovery from the appellees and the two nonparties. The board asked Lake Spivey and Golf South to produce accounting records, income tax returns and appraisals of the value of the golf club. The board asked Tara State Bank and the SBA to produce any financial statements and any appraisals of the golf club's value submitted by Lake Spivey or Golf South in connection with loan applications. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." OCGA § 9-11-26 (b) (1).

Lake Spivey and Golf South argue that the documents requested from Tara State Bank and the SBA are privileged under OCGA § 24-9-27 (c) as advice of and consultation with professional advisers. This

argument is wholly without merit. The documents requested by the board may contain admissions by Lake Spivey or Golf South, and other evidence, as to the value of the property in question. Such admissions are not the advice of a professional adviser and they cannot be considered part of a privileged consultation simply because they are included in a loan application.

The appellees also argue that the documents in the bank's possession are protected under OCGA § 7-1-360,[1] which provides, in pertinent part, "[n]either shall any financial institution be required to disclose or produce to third parties, or permit third parties to examine any records pertaining to a deposit account, loan account, or other banking relationship. . . ." This statute is intended to protect confidential banking records. It is not intended to hinder proper discovery in a lawsuit concerning the fair market value of taxable property, especially when the documents sought may contain evidence, including admissions by the taxpayer, as to the value of the property. The board has made no request for any communications, confidential or otherwise, from the nonparties to Lake Spivey and Golf South. The board simply wants access to the documents submitted by the appellees. The taxpayer cannot avoid discovery of such documents by making them part of a loan application.

Lake Spivey and Golf South contend that the trial court did not abuse its discretion in granting a protective order because the documents the board requested from them and from the nonparties are not relevant to the pending action. "[T]he extent of discovery and use of protective orders is generally within the discretion of the trial judge. However, this must be a sound and legal discretion based on evidence and a showing of good cause. Such orders are intended to be protective — not prohibitive — and, until such time as the court is satisfied by substantial evidence that bad faith or harassment motivates the discoveror's action, the court should not intervene to limit or prohibit the scope of pretrial discovery." (Citations, punctuation and emphasis omitted.) *Bullard v. Ewing*, 158 Ga. App. 287, 291 (279 SE2d 737) (1981). Lake Spivey and Golf South presented no evidence to the court in support of their motion for a protective order. They made no showing, by substantial evidence or otherwise, that the board is motivated by bad faith or harassment in requesting documents from them, the bank and the SBA. The board claims, and presented a witness who testified, that such documents may contain admissions by the appellees as to the property's value, help appraise the property's value by showing the income generated by it and be

---

[1] The SBA is not a financial institution under the terms of OCGA § 7-1-360. See OCGA § 7-1-4 (21).

used to cross-examine the appellee's witnesses. Lake Spivey and Golf South have not shown that the board's claims are untrue. Even if the documents sought to be produced are not themselves admissible evidence, they are still discoverable so long as they appear reasonably calculated to lead to the discovery of admissible evidence. OCGA § 9-11-26 (b) (1). "The discovery procedure is to be given a liberal construction in favor of supplying a party with the facts without reference to whether the facts sought are admissible upon the trial of the action." (Citations and punctuation omitted.) *Deloitte Haskins & Sells v. Green*, 187 Ga. App. 376, 379 (2) (370 SE2d 194) (1988). The court improperly limited the board's scope of discovery as to the documents requested from Lake Spivey, Golf South and the nonparties.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 9, 1993.

*Foster & Foster, Michael D. Anderson*, for appellant.
*Oliver, Duckworth, Sparger & Winkle, G. Robert Oliver*, for appellees.