A95A0728. HENRY COUNTY BOARD OF TAX ASSESSORS
v. BUNN et al.
(457 SE2d 256)

BIRDSONG, Presiding Judge.

This is an appeal by the Henry County Board of Tax Assessors from the order of the trial court, sitting without a jury, determining and setting the fair market value of certain property of appellees Carey and Paulette Bunn for the 1992 tax digest.

This case involves the tax assessment on two parcels of property. In 1990 appellees brought suit regarding, inter alia, the 1990 tax valuation given these parcels. A settlement conference was held in 1991 and an accord was reached among the parties as to the value of these parcels. Accordingly, an order was entered setting valuation on the parcels for the 1990 tax year; this order was not appealed. There was no increase in the tax assessment of this property for 1991, but a substantial increase in the tax assessment occurred in 1992 resulting in this litigation. In 1993 the trial court entered an order in this case ruling that the final judgment entered in the previous litigation, concerning the value of the parcels for the 1990 tax year, is res judicata and would be controlling as to current value absent a showing by appellant of a subsequent substantial change affecting the value of the parcels. After hearing evidence, the trial court found "there has been no substantial change affecting the value of the subject property except that the total acreage of parcel number 153-01-061 has been reduced from 659.97 acres to 553.96 acres." The court also found that "there was no evidence that the per acre valuation of the property established by court order for the 1990 tax year has changed."

Appellant's sole enumeration is that the trial court erred "by entering an order ruling that a final judgment of the court on a previous appeal concerning the value of the same property for a prior [1990] tax year would be res judicata as to value for subsequent years unless the Board of Tax Assessors could show a substantial change [effecting] the value of the property." *Held*:

1. Appellant contends that the doctrine of res judicata (OCGA § 9-12-40) is not applicable in this instance, as both the cause of action and subject matter of each proceeding was different. The issue here presented is one of first impression for this court.

"A judgment for taxes does not differ from any other in respect to its conclusiveness. But judgment in a suit for taxes for one year is no bar to a suit for taxes for another year. The two suits are for distinct and separate causes of action, although the parties may be concluded in a suit for one year's tax as to a right or question adjudicated by a former judgment respecting a tax of an earlier year." (Footnotes omitted.) 72 AmJur2d, State and Local Taxation, § 880. Thus, in *Ga. R. &c. Co. v. Wright*, 124 Ga. 596, 597 (2) (53 SE 251), it was held

that "the taxes for each year constitute a separate cause of action." Cf. *Clayton County &c. Assessors v. Lake Spivey Golf Club*, 207 Ga. App. 693, 694 (1) (428 SE2d 687). The same cause of action is required for a prior judgment to be res judicata. See *Lewis v. Price*, 104 Ga. App. 473 (1) (122 SE2d 129) (identity of cause of action required). Accordingly, the doctrine of res judicata is not applicable in this case. *Superior Pine &c. Co. v. Hawes*, 119 Ga. App. 201, 202 (166 SE2d 620).

2. The trial court expressly predicated its ruling on a finding of res judicata, which in this instance is an erroneous legal theory. Ordinarily, a judgment right for any reason must be affirmed, but where it is apparent that the court rests its judgment on reasons which are erroneous or upon an erroneous legal theory, it commits reversible error. *Derbyshire v. United Builders Supplies*, 194 Ga. App. 840, 843 (1) (392 SE2d 37), and cases therein cited; *Williams v. Morrison Assurance Co.*, 138 Ga. App. 191, 193 (1) (225 SE2d 778). We do not here address whether the prior judgment could constitute an estoppel by judgment, or whether application of this doctrine to suits contesting the value of the same property in a different tax year would constitute a violation of state public policy.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED APRIL 27, 1995 — 

*Blount & Cash, Ernest D. Blount, Harrison & Harrison, Stephen P. Harrison,* for appellant.

*Crumbley & Crumbley, Wade M. Crumbley, Smith, Welch & Studdard, Benjamin W. Studdard III, Patrick D. Jaugstetter,* for appellees.