## A95A2695. GRANGE MUTUAL CASUALTY COMPANY v. WILLIAMS.
### (469 SE2d 845)

McMURRAY, Presiding Judge.

Plaintiff Doris Williams sued Shantelle Johnson seeking to recover for personal injuries to plaintiff's neck and lower back arising out of an automobile collision. Defendant Grange Mutual Casualty Company (the "insurer") was served in its capacity as an alleged uninsured motorist carrier under an automobile insurance policy it had issued to plaintiff. According to the complaint, plaintiff's car was stopped at an intersection waiting to turn left. A second car was stopped behind plaintiff's. Shantelle Johnson, driving a third (borrowed) car, crashed into the second car "stopped immediately behind the plaintiff's causing it to crash into plaintiff's car." Shantelle Johnson did not answer the complaint or requests for admissions, nor did she testify at trial.

The evidence at trial indicated that this collision did not result in any obvious physical damage to the rear of plaintiff's car, although afterwards, plaintiff's transmission "seemed like it was slipping out of gear sometimes." Sitting in her car, plaintiff felt "dizzy and light-headed." She told the emergency medical technician at the scene that she was "having problems with [her] head and [her] neck and the lower part of [her] back. . . ." Plaintiff also experienced "some

numbness in [her] hands . . . [that] start[ed] appearing . . . about five or six minutes after the accident happened."

The jury found for plaintiff, awarding her a total of $24,000, consisting of $21,547.57 for pain and suffering; $400 for lost wages; and $2,052.43 for medical bills. This direct appeal followed. *Held*:

1. In its second enumeration, the insurer contends the trial court erred in refusing its motion for new trial because the "verdict was contrary to the evidence and the verdict was strongly against the weight of the evidence."

"No court except the trial court is vested with the authority to grant a new trial in a matter relating to the weight of the evidence. [Cit.] 'The appellate courts are not vested with discretion in this regard as are . . . the trial courts.' [Cit.]" *Allstate Ins. Co. v. Brannon*, 214 Ga. App. 300, 304 (5) (447 SE2d 666). See also OCGA § 51-12-12 (b). "Thus, the only query [raised by this enumeration] is whether the evidence supported the verdict. [Cits.]" *Daniels v. Hartley*, 120 Ga. App. 294 (170 SE2d 315).

(a) With respect to the jury's award of $21,547.57 for pain and suffering, the insurer argues in its brief that this item of damages is "strongly against the weight of the evidence [because plaintiff] Williams suffered no broken bones [so that] this was merely a soft tissue injury case."

"The question of damages is ordinarily one for the jury[.]" OCGA § 51-12-12 (a). " 'The sole measure of damages for pain and suffering is the enlightened conscience of fair and impartial jurors. [*Central R. & Banking Co. v. Dottenheim*, 92 Ga. 425 (4) (17 SE 662).]' *Atlanta Transit System v. Robinson*, 134 Ga. App. 170 [(1)], 171 (213 SE2d 547) (1975). We find no basis for upsetting the jury's determination of such damages in this case." *Coker v. State Farm &c. Ins. Co.*, 193 Ga. App. 423, 424 (2) (388 SE2d 34).

(b) The jury's award of $400 for lost wages, however, appears to exceed the range of the evidence. Although in her answers to interrogatories plaintiff set her pretrial estimation of lost wages at $1,500, at trial she affirmed that $100 per week "was the most [she] ever got during that period of time, and . . . that [she was out of work] for about three weeks, [resulting in] $300 that [she] lost in lost wages." Consequently, the jury's award of lost wages in excess of $300 is not authorized by the evidence and must be written off. The judgment of the trial court is affirmed on condition that, within 20 days of the trial court's receipt of the remittitur, plaintiff accept an award for lost wages reduced by the $100 by which the jury's original award exceeded the evidence. Otherwise, the judgment shall be reversed. See *Bearden v. City of Austell*, 212 Ga. App. 398, 400 (4), 401 (441 SE2d 782).

2. Our disposition in Division 1 (b) renders moot the insurer's

first enumeration, regarding the refusal of the trial court to give the insurer's request to charge on all the statutory methods of impeachment.

*Judgment affirmed on condition; otherwise reversed. Blackburn, J., concurs. Andrews, J., concurs in judgment only.*

DECIDED MARCH 12, 1996.

.*Martin, Snow, Grant & Napier, Jay C. Traynham, Wallace D. Bonner, Jr.*, for appellant.
*Wilson, Davis & Donner, David M. Donner*, for appellee.