### A97A0929. STUBBS v. HARMON et al.
(487 SE2d 91)

BIRDSONG, Presiding Judge.

Appellant William Stubbs appeals from the judgment entered on July 29, 1996 in favor of appellees Kenneth and Mary Jane Harmon.

This is a suit for damages arising from injuries sustained by appellee Kenneth Harmon in a motor vehicle collision, and for loss of consortium as claimed by appellee Mary Jane Harmon. Appellant filed a counterclaim against Kenneth Harmon for injuries appellant sustained in the collision. A bifurcated trial by jury was held. After returning a verdict in favor of appellees/plaintiffs Harmon and against appellant William Stubbs and his wife, Veronica, as to liability, the jury returned a verdict for damages of $237,000 in favor of Kenneth Harmon and $50,000 in favor of Mary Jane Harmon. The trial court entered judgments consistent with these verdicts, and further directed that the Stubbs' counterclaim against appellees be dismissed on the merits. A motion for new trial was filed by appellant as to the judgment entered in favor of appellees on their claims but not as to appellant's counterclaim. Appellant now seeks to appeal the jury finding and judgment in favor of appellees as to their claims against appellant and the trial court's denial of appellant's motion for new trial. Appellant is not appealing the jury finding and judgment entered in favor of appellees as to appellant's counterclaim.

The collision occurred on Old Dixie Highway. A major issue at trial was whether the collision occurred in the center turn lane or in

the first northbound travel lane of the highway. Old Dixie Highway has two southbound lanes, two northbound lanes and one center turning lane. Appellant Stubbs was driving a pickup truck southbound; just before the collision he pulled into the center turn lane to turn left into an apartment complex. Appellee Kenneth Harmon had just pulled out of a driveway on the opposite side of the highway from the apartment complex; he had crossed the two southbound (oncoming) travel lanes before pulling into one of the northbound travel lanes. There exists substantial conflict in testimony regarding the cause of the collision among various eyewitnesses, and also among certain eyewitness testimony, expert opinion testimony and physical evidence. The jury resolved this conflict against appellant Stubbs. *Held*:

1. Appellant enumerates as separate errors that the trial court erred in denying his motion for new trial because the verdict, as to both liability and damages, rendered by the jury and affirmed by the trial court, was not supported by the evidence.

"A trial judge's denial of a motion for new trial on evidentiary grounds will be reversed on appeal only if there is no evidence to support the verdict." (Citations, punctuation and emphasis omitted.) *Estfan v. Poole*, 193 Ga. App. 507, 509 (1) (c) (388 SE2d 373). When there exists any evidence to support the jury's verdict, and no reversible error is otherwise committed, the verdict will stand. *Bill Jones Motors v. Mitchell*, 100 Ga. App. 185, 188 (110 SE2d 555). It is the function of the jury to resolve conflict in testimony (see *Carmichael Tile Co. v. McClelland*, 213 Ga. 656, 661 (7) (100 SE2d 902)); this Court will not substitute its judgment for that of the jury and will neither weigh evidence nor determine witness credibility. *Horney v. Lawrence*, 189 Ga. App. 376, 377 (3) (375 SE2d 629).

(a) We find there exists some evidence, albeit less than compelling, to support the verdict of the jury and judgment of the trial court as to liability. " 'The denial of a [motion for] new trial on the ground that the verdict is contrary to the evidence addresses itself only to the discretion of the trial judge.' [Cits.] It is of no consequence on review of the denial of a motion for new trial based on the sufficiency of the evidence that the evidence adduced at trial would have authorized a verdict for either party. [Cit.] A reviewing court must view the evidence in a light most favorable to upholding the jury's verdict and any evidence which supports the jury's verdict is sufficient to sustain the trial court's denial of a motion for new trial based on the sufficiency of the evidence." *Clark v. United Ins. Co.*, 199 Ga. App. 1, 3 (1) (404 SE2d 149). The trial court did not commit reversible error in denying appellant's new trial motion as to the issue of liability.

(b) The jury verdict awarded damages of $237,000 as to Kenneth Harmon and $50,000 as to Mary Jane Harmon. In addition to medi-

cal expenses and lost wages, appellee Kenneth Harmon presented descriptive evidence to the jury as to the pain and suffering to which he was subjected as a result of the injuries he sustained in the collision. Evidence also was presented as to the marital circumstances of his wife, who suffers from multiple sclerosis, and as to how Harmon's injuries had adversely affected their marital relationship and the manner in which he previously had engaged in numerous essential acts of conjugal husbandry for his wife's aid and assistance.

The question of damages ordinarily is one for the jury. *Grange Mut. Cas. Co. v. Williams*, 220 Ga. App. 613, 614 (1) (a) (469 SE2d 845). The sole measure of damages for pain and suffering is the enlightened conscience of fair and impartial jurors. Id. Damages for loss of consortium are not capable of exact pecuniary measure and, like damages for pain and suffering, their measure must be left to the enlightened conscience of impartial jurors taking into consideration the nature of the services, society, companionship and all the circumstances of the case. *Gurly v. Hinson*, 194 Ga. App. 673, 675 (9) (391 SE2d 483). Review of the record reveals no basis for upsetting the jury's determination of damages in this case. The trial court did not commit reversible error in denying appellant's new trial motion as to the issue of damages.

2. Appellant asserts more than one separate error in his third enumeration of error in violation of OCGA § 5-6-40. It is well settled that " '[w]hen an appellant argues more than one error within a single enumeration, this court in its discretion may elect to review none of the errors so enumerated in violation of OCGA § 5-6-40 [cit.] or elect to review any one or more of the several assertions of error contained within the single enumeration and treat the remaining assertions of error therein as abandoned.' " *White v. State*, 221 Ga. App. 860, 861 (1) (473 SE2d 539); accord *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 606 (6) (431 SE2d 383), cert. den., 510 U. S. 1195 (114 SC 1303, 127 LE2d 655); *West v. Nodvin*, 196 Ga. App. 825, 830 (4) (c) (397 SE2d 567); see *Hap Farms v. Heard*, 209 Ga. App. 684, 686 (1) (c) (434 SE2d 118). Except as hereinafter stated, we elect to review none of the errors asserted in appellant's third enumeration of error. *Wilson*, supra. In the interest of judicial economy, we find as to enumeration of error 3 (b) that assuming error had occurred during the damage phase of trial by sustaining the objection to the question posed to Dr. Lippitt (as to appellee's alleged pretrial statement regarding the collision), any such error would have been harmless. OCGA § 9-11-61.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

Decided May 16, 1997 —
Reconsideration denied June 3, 1997.
 Before Judge Kilpatrick.

*McLain & Merritt, William S. Sutton,* for appellant.

*Champion & Holbird, Thomas R. Holbird, Jr., Beck, Owen & Murray, James R. Fortune, Jr., Bovis, Kyle & Burch, Charles M. McDaniel, Jr., Long, Weinberg, Ansley & Wheeler, Charles B. Marsh, Louis Levenson,* for appellees.