### A98A0898. HIGH v. PARKER et al.
(507 SE2d 530)

RUFFIN, Judge.

Christopher High sued Ronnie E. Parker and Dennis Truck Lines, Inc. for injuries High sustained when he was involved in a

traffic accident with Parker. The jury returned a verdict for the defendants, and the trial court denied High's motion for new trial.[1] High appeals the denial of his motion for new trial, contending that the verdict was not supported by the evidence. We affirm.

1. High's first enumeration asserts that the trial court erred in denying the motion for new trial because the jury's verdict was contrary to the evidence. See OCGA § 5-5-20. In considering this enumeration, our review is limited to determining whether there was any evidence to support the verdict. *Adler v. Adler*, 207 Ga. 394, 405 (7) (61 SE2d 824) (1950). "It is of no consequence on review of the denial of a motion for new trial based on the sufficiency of the evidence that the evidence adduced at trial would have authorized a verdict for either party. A reviewing court must view the evidence in a light most favorable to upholding the jury's verdict and any evidence which supports the jury's verdict is sufficient to sustain the trial court's denial of a motion for new trial based on the sufficiency of the evidence." (Citations and punctuation omitted.) *Stubbs v. Harmon*, 226 Ga. App. 631, 632 (1) (a) (487 SE2d 91) (1997).

Viewed in the light most favorable to the verdict, the evidence showed that, on September 22, 1993, Parker and High were both traveling northbound on Georgia Highway 113. Parker was driving a tractor-trailer truck leased by Dennis Truck Lines, his employer. At some point before the accident, High passed Parker's truck. High continued along the highway until he prepared to make a left-hand turn into the driveway of a mobile home park.

Parker saw High's vehicle ahead of him when Parker crested a hill, approximately 300 feet south of the driveway. Parker testified that his truck was in seventh gear at the time, which provides for a top speed of about 55 mph. Parker testified that, when he saw High, High was moving at about 35-40 mph. There was evidence that the taillights and turn signal on High's vehicle were not operational, and Parker testified that High did not signal with his arm that he was going to make a left turn. Parker started to pass High on the left, but High started to veer to the left, suggesting to Parker that High was going to make a turn. Parker then moved back to the right lane, and High also moved back to the right lane. Parker started to pass High a second time, but High began turning left again. Parker tried to turn back to the right, but collided with High's vehicle.

The posted speed limit at the accident site was 55 mph. Tom Vadnais, an accident reconstruction expert, testified that, based upon

---

[1] High also sued Roger Weinhold, the owner of Parker's vehicle, and Reinsurance Corporation of New York, the vehicle's insurer. However, High voluntarily dismissed his claims against Reinsurance Corporation prior to trial, and the trial court granted Weinhold's motion for directed verdict at the close of evidence.

skid marks and other factors, Parker's speed was between 52.3 and 61.8 mph when he began to brake. He further testified that Parker's speed would not have made any difference as to whether the accident would have occurred. The state patrol officer who investigated the accident also testified that, in his opinion, the accident would have occurred whether Parker was going 55 or 60 mph.

There was evidence that Parker was certified to drive a tractor-trailer only while wearing corrective lenses, and that he was not wearing such lenses at the time of the accident. However, the jury could have concluded that this did not contribute to the accident. Dr. Brown, the physician who performed a DOT evaluation of Parker, testified that driving without glasses would primarily limit Parker's ability to read road signs at a distance, but that he should be able to see other vehicles in front of him without much difficulty.

Viewed in the light most favorable to the verdict, there clearly was evidence from which the jury could have concluded that the accident was not the result of Parker's negligence. Instead, the jury could have concluded that the accident was proximately caused by High's failure to properly signal his intention to make a left turn. Although the evidence might have supported a verdict for High, the jury found otherwise, and since there was evidence to support that determination the trial court did not err in denying High's motion for new trial. *Stubbs*, supra.

2. In his final two enumerations, High contends the trial court erred in denying his motion for new trial because the verdict was decidedly and strongly against the weight of the evidence and contrary to law and principles of justice. See OCGA § 5-5-21. However, neither of these enumerations presents an issue reviewable by this Court. "The discretion to set aside a verdict on the ground that it is decidedly and strongly against the weight of the evidence or is contrary to the principles of justice and equity rests solely with the trial judge, and the appellate courts are not vested with such discretion. See generally OCGA §§ 5-5-20; 5-5-21. Consequently, [High's] . . . enumeration[s] of error present[ ] nothing for review." (Citations omitted.) *Perfect Image v. M & M Elec. Constructors*, 191 Ga. App. 605, 608 (5) (382 SE2d 405) (1989).

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 9, 1998.

*C. Victor Long*, for appellant.
*Hawkins & Parnell, Barry S. Noeltner, Warner S. Fox*, for appellees.