A99A1565. MACON-BIBB COUNTY BOARD OF TAX ASSESSORS v. J. C. PENNEY COMPANY, INC.
(521 SE2d 234)

MCMURRAY, Presiding Judge.

For the tax year 1996, J. C. Penney Company, Inc. ("the Taxpayer") reported inventory and supplies for its store in Macon at a fair market value estimated to be $2,136,000, but the Macon-Bibb County Board of Tax Assessors ("the Board") assessed the inventory at $3,738,053. The issue of fair market value was ultimately tried before a jury which set the value of the Taxpayer's inventory at $2,976,000 for ad valorem tax purposes. The Board's motion for judgment notwithstanding the verdict ("j.n.o.v.") was denied, and this appeal followed. *Held*:

1. In two related enumerations, the Board contends the superior court erred in denying its motions for directed verdict and for j.n.o.v.,

arguing the Taxpayer presented no competent evidence of the fair market value of the inventory. The Board argues the Taxpayer's expert opinion testimony is premised upon a hypothetical sale of the entire inventory to a single purchaser, specifically another retailer, allegedly contrary to Georgia law.

James N. Evatz, Manager of Tax Compliance for J. C. Penney Company, Inc., a Certified Public Accountant licensed in the State of Texas, is familiar with the definition of fair market value under Georgia law. In his opinion, after reducing FIFO ("first-in, first-out") acquisition costs of $3,738,000 for economic obsolescence and for the value of nontransferable intangible trademark rights, the fair market value of the Macon store inventory on January 1, 1996, was $2,066,000. This testimony was presented without objection.

(a) In Georgia, " 'Competent evidence' means evidence which is admissible." OCGA § 24-1-1 (1). "All evidence is admitted as of course, unless a valid ground of objection is interposed, the burden being on the objecting party to state at the time some specific reason why it should not be admitted." (Citations and punctuation omitted.) *Kemira, Inc. v. Williams Investigative &c. Svcs.*, 215 Ga. App. 194, 196 (1) (a) (450 SE2d 427). In the case sub judice, because the Board did not raise a contemporaneous objection to the opinion of Evatz, the Board forfeited its right to insist his testimony be excluded from evidence. *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (1), 270 (476 SE2d 722). " 'The record as it exists at the close of trial controls as to whether the verdict should be directed and as to whether motion for judgment notwithstanding the verdict should be granted.' [Cit.]" *DeLoach v. Myers*, 215 Ga. 255, 256 (1) (109 SE2d 777).

> "Under this rule the trial court may not on motion for [directed verdict or] judgment notwithstanding the verdict eliminate evidence on the ground that it was improperly received at the trial and then dispose of the case on the basis of the diminished record." [Cits.]

*Wooten v. Life Ins. Co. of Ga.*, 93 Ga. App. 665, 670 (92 SE2d 567) (on motion for rehearing). It follows that a motion for directed verdict or for j.n.o.v. is not an authorized procedural vehicle to challenge the competency of expert opinion testimony admitted without timely objection. Accord *Andrews v. State*, 118 Ga. 1, hn. 1 (43 SE 852) (failure to object treated as waiver, preventing the court, on a motion for new trial, from inquiring into the competency of evidence).

(b) "All property shall be returned for taxation at its fair market value." OCGA § 48-5-6. As used in Title 48, Chapter 5 (Ad Valorem Taxation of Property), the term " 'Fair market value of property' means the amount a knowledgeable buyer would pay for the property

and a willing seller would accept for the property at an arm's length, bona fide sale." OCGA § 48-5-2 (3). " ' "Market value is exclusively a matter of opinion even though expressed as a fact." ' " *Hirsch v. Joint City County Bd. of Tax Assessors*, 218 Ga. App. 881, 882 (1) (463 SE2d 703).

> For ad valorem tax purposes, fair market value is not the retail value to the taxpayer, but the current wholesale value adjusted for the fair market; thus, the taxpayer's cost may be adjusted upward, downward, or remain the same to reflect the "wholesale market" as [that term reflects] the fair market value of the tangible personalty in the taxpayer's possession [as of January 1, 1996].

*Eckerd Corp. v. Coweta County Bd. of Tax Assessors*, 228 Ga. App. 94, 103-104 (3) (491 SE2d 173). The fair market valuation of personal property may be determined by several indices, including "cost" to the taxpayer, as well as wholesale pricing in relation to the retail field. Id. at 104 (3). In our view, the jury's verdict is supported in part by Evatz's methodology that reduced the end-of-calendar-year costs by such factors as obsolescence and intangible nontransferable trademark rights. Consequently, the superior court correctly denied the Board's motions for directed verdict and for j.n.o.v.

2. The third enumeration contends the superior court erred in denying the Board's motion for new trial, because the verdict is allegedly an illegal average of the values as contended by the parties.

"Verdicts shall have a reasonable intendment and shall receive a reasonable construction. They shall not be avoided unless from necessity." OCGA § 9-12-4. In this proceeding to establish the fair market value of inventory for ad valorem tax purposes, the Taxpayer, who initiated the appeal to superior court, bore the burden of persuasion, but the Board's estimate is not entitled to any presumption of correctness. *Hirsch v. Joint City County Bd. of Tax Assessors*, 218 Ga. App. at 882 (1), supra. "The credibility of a witness is a matter to be determined by the jury under proper instructions from the court." OCGA § 24-9-80.

> The opinion of an expert witness is not conclusive upon the jury. Such [opinion] testimony is intended to aid them in coming to a correct conclusion upon the subject; but the jury is not bound by such opinion, and can disregard it. The jury may deal with such testimony as they see fit, giving credence to it or not, and they may do so without rhyme or reason.

(Citations and punctuation omitted.) *Wilson v. Professional Ins.*

*Corp.*, 151 Ga. App. 712, 714 (261 SE2d 450). In the case sub judice, the jury's verdict is within the range of evidence offered by competing experts. Giving this result a reasonable intendment and interpretation, the jury was authorized to conclude the Board's estimate unreasonably failed to account for returns or end-of-season obsolescence, while simultaneously deciding the values Evatz assigned to these factors were too generous. The trial court did not err in failing to grant the Board's motion for new trial on the ground the verdict was illegal or without evidentiary support. *Liberty Mut. Ins. Co. v. Williams*, 44 Ga. App. 452 (3) (161 SE 853).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED JULY 26, 1999.

*Sell & Melton, Mitchel P. House, Jr., Robert D. McCullers, Michele E. Person*, for appellant.

*Smith, Gambrell & Russell, Edward K. Smith*, for appellee.