## A04A1750. JONES v. CHATHAM COUNTY BOARD OF TAX ASSESSORS.

(606 SE2d 673)

RUFFIN, Presiding Judge.

Dissatisfied with the Chatham County Board of Tax Assessors' 2002 ad valorem tax appraisal of his real property, Charles Jones appealed the valuation to the Board of Equalization. Like the Board of Tax Assessors ("the Tax Assessors"), the Board of Equalization found the property's 2002 fair market value to be $4,854,000. Jones appealed the Board of Equalization's decision to the superior court, which conducted a jury trial on valuation. The jury ultimately determined that the property had a fair market value of $4,853,764. Jones appeals, arguing that the evidence does not support the jury's verdict and that the trial court committed numerous errors during trial.[1] For reasons that follow, we affirm.

1. Jones first argues that the trial court erred in failing to set aside the jury's verdict because it was contrary to and decidedly against the weight of the evidence. Jones raised these arguments in his motion for new trial, which the trial court denied. As we review Jones' challenge to the evidence, we keep in mind that

> [i]t is of no consequence . . . that the evidence adduced at trial would have authorized a verdict for either party. A reviewing court must view the evidence in a light most favorable to upholding the jury's verdict and any evidence which supports the jury's verdict is sufficient to sustain the trial court's denial of a motion for new trial based on the sufficiency of the evidence.[2]

Construed in this manner, the evidence shows that, in 2002, the Tax Assessors reassessed the fair market value of an apartment complex owned by Jones ("the property"). Julian Boaen, the certified senior appraiser who appraised Jones' property for the Tax Assessors and testified at trial as an expert, explained that the Tax Assessors revalued all Chatham County apartment complexes in 2002.

Boaen used an "income approach" to value Jones' property, as well as the other apartment complexes. According to Boaen, this is the "most widely acceptable approach" for valuing an apartment

---

[1] We note that the final judgment entered on the jury's verdict lists the property's fair market value as $4,854,000. Jones, however, does not complain on appeal about the difference between the jury's actual verdict and the final judgment, and it appears that Jones' attorney helped prepare the final judgment entered by the trial court.

[2] (Punctuation omitted.) *High v. Parker*, 234 Ga. App. 675, 676 (1) (507 SE2d 530) (1998).

complex. As part of this approach, Boaen obtained information regarding potential income of the complexes, typical expenses, typical vacancy rates, and comparable sales of apartment complexes in the area. After gathering the information, Boaen developed a formula for measuring fair market value that could be "applied across the board" to all apartment complexes. The formula was adjusted to take into account particular characteristics of each complex, but the "basis" of the formula was the same for all complexes. The formula yielded a value of $4,853,764 for Jones' property.

To test his formula and the results it produced, Boaen analyzed actual sales of comparable properties. Although some of the comparable sales occurred up to five years before 2002, Boaen testified that for "apartment complexes, three, four, [or] five years is still short-term, as far as comparable sales." Boaen tested the formula on all of the comparable sales and, after adjusting the data for the difference in time with respect to each sale, Boaen determined that both the formula and the value it produced for Jones' property were accurate.

Testifying on his own behalf, Jones estimated the fair market value of his property to be "about 3.9 million, something like that." Asked how he arrived at the value, Jones stated: "Well, that seemed to be a pretty good number." Jones further testified that "other people" came up with this value using a formula that he does not personally know how to use. He presented no other witnesses to value the property, dispute Boaen's valuation, or testify about the formula allegedly used to produce the $3,900,000 figure.

The jury rejected Jones' valuation, accepted Boaen's testimony, and determined the property's fair market value to be $4,853,764. On appeal, Jones argues that the trial court should have set aside the jury's verdict as contrary to and against the weight of the evidence. Specifically, he claims that Boaen was not competent to value the property because Boaen never visited the property and utilized an inappropriate vacancy rate in his formula. The record shows that Jones cross-examined Boaen on these issues and presented evidence that, in 2001, the actual vacancy rate at his property was higher than the six percent figure Boaen used in his formula.

Boaen testified that, in appraising an apartment complex, he utilizes a "typical" vacancy rate, which he obtains through surveys of various apartment complexes, rather than the actual rate at the appraised complex. As he explained: "The assumption of the income approach is that you use everything that would be typical to the market, because you're looking at it in the eyes of a potential investor, purchaser, or a potential seller." He also uses a typical rate because the Tax Assessors' office only revalues property every three years, and an appraiser "look[s] for something that's going to represent three years' worth of vacancy history." Furthermore, using typical

numbers spreads the tax burden evenly and values properties uniformly, without factoring the success of an apartment complex's actual business operation into the equation.

With respect to visiting Jones' property, Boaen explained that the income approach uses rental rates to help value the property, and those rates take into account the amenities offered by an apartment complex, such as washing facilities, swimming pools, and updated kitchens. In other words, the presence or absence of particular amenities factors into the rental rates. The rental rates, rather than a property walk-through, thus provide Boaen with sufficient information to value the property.

The jury, which determines issues of witness credibility, was authorized to believe Boaen's explanations, despite Jones' effort to discredit him and his formula.[3] We recognize that Jones presented contrary evidence regarding the property's valuation. But the jury obviously rejected that evidence, and Boaen's testimony supports the jury's finding. Accordingly, Jones' challenge to the sufficiency of the evidence lacks merit.[4]

2. Jones also argues that the trial court erred in allowing the Tax Assessors to raise at trial an issue not presented to the Board of Equalization. Jones apparently claims that the Tax Assessors should not have been permitted to offer evidence of comparable sales to show the property's fair market value because, prior to trial, they used the income approach to justify an increased assessment. He also objected at trial to any "references to what property can be bought or sold for in trying to establish [the] fair market value of this specific property."

Jones notes that a taxpayer cannot raise an issue at the superior court level that was not raised in the original appeal to the Board of Equalization.[5] He further argues that this same limitation should apply to the Tax Assessors. Even if Jones is correct, however, he has not shown that the Tax Assessors raised a new issue at trial.

Jones admits that neither he nor his attorney attended the appeal hearing held by the Board of Equalization, and he has not presented any evidence establishing what issues were raised at that hearing. Thus, we question how he can possibly show that issues presented at trial were not raised at the hearing. Moreover, Jones concedes that, throughout these proceedings, the Tax Assessors have used the income approach to value the property. Boaen testified that this approach is the generally accepted method for placing a fair

---

[3] See *Macon-Bibb County Bd. of Tax Assessors v. J. C. Penney Co.*, 239 Ga. App. 322, 324 (2) (521 SE2d 234) (1999).

[4] See id. at 324-325; *High*, supra at 677.

[5] See *Cobb County Bd. of Tax Assessors v. Marietta Educational Garden Center*, 239 Ga. App. 740, 742 (1) (521 SE2d 892) (1999).

market value on an apartment complex. He further explained that he uses comparable sales to test and validate his income approach formula, as well as the fair market value it produces. And, under Georgia law, the term "fair market value" in the ad valorem tax context means "the amount a knowledgeable buyer would pay for the property and a willing seller would accept for the property at an arm's length, bona fide sale."[6]

The record thus shows that issues regarding comparable sales and what a buyer might pay for the property were tied to the Tax Assessors' income approach valuation. Accordingly, we find no merit in Jones' claim that the Tax Assessors failed to raise these issues in a timely manner.

3. Next, Jones argues that the trial court erred in admitting the comparable sales evidence because the sales were too remote in time to be relevant. The trial court overruled Jones' objection to this evidence, finding that the timing of the comparable sales related to the weight of the evidence, rather than its admissibility.

"As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse."[7] We find no abuse of discretion here. Boaen testified that, for purposes of an apartment complex appraisal, "recent" comparable sales include sales made in the previous five years. He further testified that he adjusted the values in his formula to account for the time difference between the 2002 appraisal and the comparable sales. Under these circumstances, the trial court did not err in admitting the evidence.[8]

4. Jones broadly claims that the trial court improperly allowed Boaen to testify about certain aspects of the income approach formula. He asserts, without further argument, that Boaen's testimony was "illegal" because Boaen used an 11 percent capitalization rate and could not identify another county or tax body that used the formula. Jones also complains that Boaen's formula relied upon estimated net operating income, as well as unverifiable responses to surveys of apartment complex managers.

---

[6] OCGA § 48-5-2 (3).

[7] *Vaughn v. Metro. Property & Cas. Ins. Co.*, 260 Ga. App. 573, 575 (4) (580 SE2d 323) (2003).

[8] See id.; see also *Williams v. State*, 263 Ga. App. 22, 24 (2) (587 SE2d 187) (2003) (trial court did not err in admitting evidence that defendant committed a similar transaction ten years before current offense; any "claim that the prior act was too remote in time goes to the weight and credibility of the evidence, not its admissibility"); *Big Apple Super Market of Peachtree v. W. J. Milner & Co.*, 111 Ga. App. 282, 289 (7) (141 SE2d 567) (1965) ("The admissibility of evidence relating to facts remote in point of time rests largely in the discretion of the trial court.").

A party who fails to raise a contemporaneous objection to the admissibility of evidence waives the objection.[9] And in this case, Jones did not object when Boaen testified about the 11 percent capitalization rate. The record further reveals that the discussion regarding other tax entities' use of Boaen's formula occurred on cross-examination, during which Jones raised no objection to the testimony. Jones also has not shown that he raised a contemporaneous objection to Boaen's testimony regarding the apartment complex surveys, and our review of the record reveals no such objection. Finally, Jones did not object when Boaen testified that the capitalization rate is based, in part, on "estimated net operating income." Jones, therefore, has waived these arguments for purposes of appeal.

5. Jones next argues that Boaen's expert testimony was inadmissible under the principles announced in *Daubert v. Merrell Dow Pharmaceuticals*.[10] He apparently claims that Boaen's appraisal and methodology lack verifiable certainty and scientific reliability. Jones contends, therefore, that Boaen's entire testimony should have been excluded from evidence.

The record shows, however, that Jones did not object to Boaen's testimony on this ground when the trial court permitted Boaen to testify as an expert. Instead, the *Daubert* argument formed the basis of his directed verdict motion, made *after* Boaen testified. Because Jones did not contemporaneously object to the overall admission of Boaen's expert testimony, he has "forfeited [his] right to insist [the] testimony be excluded from evidence."[11] Moreover, the record as it exists at the close of evidence controls whether the trial court should direct a verdict.[12] "It follows that a motion for directed verdict or for j.n.o.v. is not an authorized procedural vehicle to challenge the competency of expert opinion testimony admitted without timely objection."[13]

6. Jones also argues that the trial court erred in excluding from evidence information about the property's fair market value in a prior year. It appears that the value Jones' sought to introduce was established following a bench trial held several years before the trial at issue here. As correctly found by the trial court, however, a determination as to the property's fair market value in a previous

---

[9] See *Hosp. Corp. of Lanier v. Doster*, 254 Ga. App. 169, 170 (1) (561 SE2d 846) (2002); *Thomas v. State*, 253 Ga. App. 58, 61 (2) (557 SE2d 483) (2001).

[10] 509 U. S. 579 (113 SC 2786, 125 LE2d 469) (1993). Although Jones claims that Georgia has "embraced" the *Daubert* principles, we recently noted that "Georgia has not adopted Federal Rule of Evidence 702 or the standards set out in *Daubert*." *Home Depot U. S. A. v. Tvrdeich*, 268 Ga. App. 579, 583 (1), n. 9 (602 SE2d 297) (2004).

[11] *J. C. Penney*, supra at 323 (1) (a).

[12] See id.

[13] Id.

year is irrelevant to its value in 2002.[14] Accordingly, the trial court did not err in excluding this evidence.[15]

Finally, Jones suggests that the trial court improperly prevented him from cross-examining Boaen, who testified in the prior bench trial, about the validity of the "potential income" numbers he developed in the earlier case. But the record shows that the trial court allowed Jones to cross-examine Boaen on this issue, and Jones in fact conducted such cross-examination. The trial court simply prohibited Jones from introducing into evidence the prior determination regarding fair market value. And, as discussed above, this ruling was correct.[16]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED NOVEMBER 16, 2004.

*Robert P. Phillips III*, for appellant.
*Cole, Fleming & Krembs, Thomas L. Cole*, for appellee.

---

[14] See *Clayton County Bd. of Tax Assessors v. Lake Spivey Golf Club*, 207 Ga. App. 693, 694 (1) (428 SE2d 687) (1993).

