**THIRD DIVISION**
**MIKELL, P. J.,**
**BLACKWELL and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 29, 2012

# In the Court of Appeals of Georgia

A12A0092. BERNI v. COUSINS PROPERTIES, INC., et al.

DILLARD, Judge.

In this premises-liability action, Barbara Berni sued Cousins Properties, Inc. and CP Venture Three, LLC (collectively "defendants"), alleging that the defendants breached a duty they owed her as invitee when she tripped and was injured after stepping onto a small grassy median between the sidewalk and the parking lot of a shopping center owned and managed by defendants. Berni now appeals a grant of summary judgment in favor of defendants, arguing that the trial court erred in finding that there existed no genuine issue of material fact as to whether defendants had superior knowledge of the alleged hazard posed by the grassy median and as to whether she failed to exercise care for her own safety. For the reasons set forth *infra*, we affirm the grant of summary judgment in favor of defendants.

Viewed in the light most favorable to Berni (*i.e.*, the nonmoving party),[1] the record shows that in December 2004, Berni was the manager of a home-furnishings store located in an open-air shopping center known as The Avenue at Peachtree City. At that time, The Avenue at Peachtree City—as well as several other similar shopping centers in the metro-Atlanta area—was owned by CP Venture Three and was managed by Cousins Properties. On December 17, 2004, a customer, who had recently purchased an armoire from Berni's store, sought Berni's assistance with loading her purchase into her vehicle. As was the common practice when a customer bought a large item, the customer parked her vehicle in a parking space located directly behind the store and rang the back door's bell for assistance. Berni answered the door, examined the customer's receipt, and determined that the armoire was in a storage room immediately next door, which the store used for overstock.

After locating the armoire, which was in a box approximately 20 inches wide and 45 inches tall (and which weighed nearly 65 pounds), Berni slid it across the storage room's floor until she reached the threshold of the back door. At that point,

---

[1] *See, e.g.*, *McCaskill v. Carillo*, 263 Ga. App. 890, 890 (589 SE2d 582) (2003) ("On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant.")

Berni picked up the box, walked out the back door of the storage room onto the sidewalk at the back of the building, and proceeded toward the customer's vehicle, which was parked in a space directly adjacent to the sidewalk, only a few feet away. Rather than remaining on the sidewalk until she reached the asphalt parking lot, Berni took the more direct route to the customer's vehicle, which entailed traversing a small, triangular, grassy median separating part of the sidewalk from the lot. And as Berni stepped onto the grassy median with her left foot, she tripped and fell, seriously injuring her left foot as a result.

Thereafter, Berni sued CP Venture Three and Cousins Properties to recover damages for the injuries she suffered as a result of her trip and fall on the grassy median. Defendants filed an answer, and discovery ensued. In her deposition testimony, Berni claimed that her trip was caused by the fact that the grassy median dropped off below the level of the adjacent sidewalk and that this drop-off was obscured by the height of the grass in the median. But Berni acknowledged that she was previously aware of the grassy median, having assisted with unloading deliveries and with customers loading their vehicles at the back of the store on numerous occasions. Berni further acknowledged that although it was possible to reach the trunk of the customer's vehicle without traversing the grassy median, she

3

purposefully stepped onto the median at the time of the accident because doing so was the shortest route. Additionally, Berni testified that the box, which she was carrying at the time of the accident, partially impeded her view of the ground in front of her.

The regional director of Cousins Properties, who oversees management of the shopping center, was deposed and testified that the property is inspected by management at least four times each month and that he was not aware of any other person filing a claim against the defendants based on a trip or fall caused by the sidewalk or curbs on the property. In addition, a supervisor of the company hired by defendants to provide landscaping services for the shopping center testified that all of the grass on the property, including the grassy median where Berni tripped, was mowed, edged, weeded, and inspected for debris on a weekly basis.

After discovery concluded, defendants filed a motion for summary judgment, arguing that they could not be held liable for Berni's injury because they did not have superior knowledge that the grassy median posed a hazard and because Berni failed to exercise care for her own safety when she chose to walk across the grassy median instead of remaining on the sidewalk. And following a hearing on the matter, the trial court granted defendants' motion for summary judgment. This appeal follows.

In several enumerations of error, Berni contends that the trial court erred in finding that there is no genuine issue of material fact as to whether defendants had superior knowledge of the alleged hazard posed by the grassy median and as to whether she failed to exercise care for her own safety by choosing to walk across the grassy median instead of remaining on the sidewalk. We disagree.

The standards for summary adjudication are well settled. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] A summary judgment ruling enjoys "no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met."[3] Indeed, in our *de novo* review of a trial court's grant of a motion for summary judgment, we are charged with viewing the evidence, and all reasonable conclusions and inferences drawn from the evidence, in the light most favorable to the nonmovant.[4]

---

[2] OCGA § 9-11-56 (c).

[3] *Cowart v. Widener*, 287 Ga. 622, 624 (1) (a) (697 SE2d 779) (2010).

[4] *McCaskill*, 263 Ga. App. at 890.

5

With regard to premises-liability cases, in Georgia, a proprietor has a statutory duty to exercise ordinary care to keep its premises safe,[5] which "includes inspecting the premises to discover possible dangerous conditions of which the [proprietor] does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises."[6] Nevertheless, proof that an invitee tripped or fell, without more, "does not establish liability on the part of the property owner or occupier."[7] Rather, in order for a plaintiff to recover damages for injuries sustained in a slip-and-fall action, an invitee must prove "(1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier."[8] A plaintiff's evidentiary burden of proof concerning the second prong of this test is not, however,

---

[5] *See* OCGA § 51-3-1. As an employee of one of defendants' tenants, Berni was an invitee on the property, and defendants may be liable to invitees for injuries caused by a failure to exercise ordinary care in keeping the premises safe. *See Gibson v. Halpern Enters.*, 288 Ga. App. 790, 790-91 (655 SE2d 624) (2007).

[6] *Robinson v. Kroger Co.*, 268 Ga. 735, 740 (1) (493 SE2d 403) (1997)

[7] *Witt v. Ben Carter Props., LLC*, 303 Ga. App. 107, 109 (692 SE2d 749) (2010).

[8] *Robinson*, 268 Ga. at 748-49 (2) (B).

6

"shouldered until the defendant [first] establishes negligence on the part of the plaintiff."[9] We now consider Berni's claims of error with these guiding principles in mind.

In this matter, there is no evidence that the defendants had actual knowledge that the grassy median where Berni fell posed a hazard. Thus, to avoid summary judgment, Berni had to demonstrate that the defendants had constructive knowledge of the allegedly hazardous condition. Such constructive knowledge can be shown by "evidence that a proprietor's failure to discover the hazard resulted from its failure to exercise reasonable care in inspecting the premises."[10] In fact, the evidence must show that "the hazardous condition existed on the premises for a sufficient period of time such that the defendants should have discovered and removed the hazard."[11] And as for the scope of defendants' inspections, "the law requires only the exercise of ordinary care, not extraordinary care."[12]

---

[9] *Id.*

[10] *Witt*, 303 Ga. App. at 110.

[11] *Id.* (punctuation omitted).

[12] *Id.* (punctuation omitted).

And here, the regional director overseeing the day-to-day management of the shopping-center property testified that he was not aware of any other claims of persons tripping and falling while traversing the grassy median where Berni fell and further testified that he or another member of his staff inspect the property at least four times each month. In addition, the supervisor of the landscaping company hired by defendants testified that the grassy median where Berni tripped was mowed, edged, weeded, and inspected for debris on a weekly basis and that none of his employees ever reported the median to be a hazard. Thus, the defendants exercised ordinary care "by conducting inspections of the premises which were reasonable under the circumstances."[13] Accordingly, Berni failed to present evidence that defendants had constructive knowledge that the grassy median posed a hazard.[14]

---

[13] *Id.* (punctuation omitted).

[14] *See id.* at 110-12 (holding that because shopping center owner did not have constructive knowledge of holes in grassy median that separated store parking lots, given that landscaping service inspected the median regularly and there were no reports of any prior falls); *James v. Vineville Christian Towers, Inc.*, 256 Ga. App. 72, 74-75 (567 SE2d 712) (2002) (holding that apartment complex owner did not have constructive knowledge of hole in a grassy common area of the complex based on the fact that a maintenance supervisor inspected the grounds daily, a landscaping service maintained the grounds twice per month, and no prior accidents were reported); *Armenise v. Adventist Health System/Sunbelt, Inc.*, 219 Ga. App. 591, 593-94 (466 SE2d 58) (1995) (holding that hospital did not have constructive knowledge of hole in grassy area between buildings because it conducted weekly inspections, cut the

Furthermore, it is incumbent upon the plaintiff "to use the degree of care necessary under the circumstances to avoid injury to herself."[15] And the reasonable selection of a route of travel "is a part of the invitee's duty to exercise ordinary care for her own safety."[16] Indeed, as we have previously emphasized:

> While an invitee need not necessarily choose the safest course across the owner/occupier's property, where an invitee voluntarily departs from the route designated and maintained by the owner/occupier for the invitee's safety and convenience, the degree of caution required by the invitee's duty to exercise ordinary care for her own safety is heightened by any increased risk resulting from that choice. Under such conditions, the invitee assumes the risk of those hazards existent in the selected route where the conditions do not constitute a hazard when the traversed property is used for its intended purpose, unless the hazard is common to both areas or the owner has notice that the unauthorized route is being regularly used improperly.[17]

In the case *sub judice*, Berni testified that she was well aware of the grassy median but that she nevertheless stepped onto it, not for any safety reasons, but

grass in the area, and no prior incidents indicated a hazard).

[15] *Gaydos v. Grupe Real Estate Investors*, 211 Ga. App. 811, 813 (440 SE2d 545) (1994) (punctuation omitted).

[16] *Id.*

[17] *Id.* (citation and punctuation omitted).

9

because it was the shortest route to the customer's vehicle. She also admitted that she stepped onto the median despite the fact that her view of what was directly under her feet was impeded by the large, heavy box that she was carrying. And even if the median was hazardous, "the condition was open and obvious, and thus, in the exercise of ordinary care, she could have avoided it."[18] Indeed, there is no duty to "warn of the obvious."[19] Given her purposeful decision to leave the sidewalk and step onto the grassy median despite the fact that she was also aware that her view was impeded, Berni failed to exercise ordinary care for her own safety.[20]

Accordingly, the trial court did not err in granting defendants' motion for summary judgment.

---

[18] *Pirkle v. Robson Crossing, LLC*, 272 Ga. App. 259, 262 (612 SE2d 83) (2005) (punctuation omitted) (holding that the height of a curb was open and obvious and, therefore, any hazard presented by it could have been avoided by plaintiff in the exercise of reasonable care).

[19] *Id.* (punctuation omitted).

[20] *See Williams v. Park Walk Apts., L.P.*, 253 Ga. App. 429, 431 (559 SE2d 169) (2002) (holding that plaintiff failed to exercise ordinary care for her own safety when she cut across lawn in the dark to reach apartment complex parking lot instead of using paved walkway, and tripped on a sprinkler); *Gaydos*, 211 Ga. App. at 813-14 (holding that plaintiff failed to exercise ordinary care for her own safety when she left walkway, walked across apartment complex's lawn to reach the parking lot, and tripped on a concrete curb, which was not visible from the direction that plaintiff approached).

*Judgment affirmed. Mikell, P. J., and Blackwell, J., concur.*