**FOURTH DIVISION**
**DILLARD, C. J.,**
**RAY, P. J., and SELF, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 17, 2017**

# In the Court of Appeals of Georgia

A17A0899. SIMMONS v. PRINCE et al.

RAY, Presiding Judge.

Devin Prince sued Robert Simmons to recover damages for injuries he suffered when he fell through the balusters of a railing which surrounded the front landing of a second floor apartment.[1] At the time of the fall, Simmons rented the apartment to a tenant, and Prince was at the apartment as a guest of the tenant. Prince alleged that his fall resulted from the negligent construction and maintenance of the railing balusters and that the railing balusters failed to comply with applicable building and safety codes. Specifically, Prince asserts that "[t]he excessively large gap in the landing railing [balusters] through which [he] fell was unreasonably dangerous." We

---

[1] As a result of Prince's injuries, his wife asserted a claim for loss of consortium.

granted Simmons' application for an interlocutory appeal from the trial court's denial of his motion for summary judgment. For the following reasons, we find that Simmons was entitled to summary judgment and reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." (Citations omitted.) *Gaskins v. Berry's Boat Dock*, 334 Ga. App. 642, 642 (780 SE2d 83) (2015).

Construed in favor of Prince, the record shows that the incident occurred on the second floor of an apartment complex known as Simmons Apartments, located in Statesboro, Georgia. Simmons Apartments is owned and operated by Simmons, who constructed the apartment complex in 1975. The railing surrounding the second floor landing of the apartment at issue is supported by balusters which have gaps between them that are large enough for an adult to fall through.

On the night of January 11, 2015, Prince was walking home from his grandfather's house when it started to rain heavily. Desiring to get out of the rain, Prince decided to stop and visit his cousin, whose apartment was located on the second floor of Simmons Apartments. Later, as he was exiting his cousin's apartment,

2

Prince was walking toward the railing when he slipped and fell feet-first through a gap between the railing balusters, landing on the pavement below. At his deposition, Prince testified that he had been to his cousin's apartment "[m]aybe three times" on other occasions prior to the incident, that he had always visited the apartment at approximately the same time of night, and that he had noticed the railing balusters before. Furthermore, Prince acknowledged that nothing had changed regarding the condition of the railing balusters and that nothing had obstructed his view of the railing balusters at the time of the incident. Lastly, Prince acknowledged that there was nothing preventing anyone approaching or exiting the apartment from observing the railing and ascertaining whether the large gaps between the railing balusters presented a danger.

Simmons filed a motion for summary judgment, arguing that the gaps between the railing balusters constituted a static, open and obvious condition of which Prince admitted having knowledge. The trial court denied the motion, concluding that "an issue of fact remains as to whether the railing constituted an open and obvious condition and whose knowledge of the alleged hazard was superior." This interlocutory appeal ensued.

1. In three related enumerations of error, Simmons contends that the trial court erred in denying his motion for summary judgment, arguing that gaps between the railing balusters constituted a static, open and obvious condition of which Prince had equal knowledge. We agree.

There is a two-part test for determining whether an invitee can recover damages in a slip and fall action. First, the plaintiff must prove "that the defendant had actual or constructive knowledge of the hazard[.]" *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (B) (493 SE2d 403) (1997). Next, the plaintiff must demonstrate that he "lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Id. "In premises liability cases, proof of a fall, without more, does not give rise to liability on the part of the proprietor." (Citation and punctuation omitted.) *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394 (506 SE2d 910) (1998). "The true basis of a proprietor's liability for personal injury to an invitee is the proprietor's superior knowledge of a condition that may expose the invitees to an unreasonable risk of harm. Recovery is allowed only when the proprietor had knowledge [of the dangerous condition] and the invitee did not." (Citations and punctuation omitted.) Id.

Furthermore, "[a] claim involving a static defect differs from other slip and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." (Citation and punctuation omitted.) *Hallberg v. Flat Creek Animal Clinic, P.C.*, 225 Ga. App. 212, 215 (2) (483 SE2d 671) (1997). However, this Court has recognized that "the rule imputing knowledge of a danger to a person who has successfully negotiated it before applies only to cases involving a static condition that is 'readily discernible' to a person exercising reasonable care for his own safety." *Cocklin v. JC Penney Corp.*, 296 Ga. App. 179, 181 (674 SE2d 48) (2009).

We have held that the inadequacy or lack of a stairway railing may constitute a static condition. See *Lariscy v. Eschette*, 306 Ga. App. 205, 206-207 (702 SE2d 49) (2010) (where plaintiff fell down stairs that had been built without handrails, summary judgment to defendant was warranted because plaintiff had traversed the stairs several times before her fall and was aware of the hazard); *Argo v. Chitwood*, 282 Ga. App. 156, 157-158 (637 SE2d 865) (2006) (where plaintiff fell down stairs and sustained injuries when her foot lodged in between stair rail balusters that were alleged to have been improperly spaced, summary judgment to defendant was warranted because plaintiff had traversed the stairs several times before her fall and had equal knowledge of the alleged defects).

Here, the uncontroverted evidence is that the large gaps between the railing balusters where Prince fell were clearly visible, open and obvious. Prince had traversed that area of the landing a few times on previous occasions, and he admitted to having knowledge of the gaps between the railing balusters. Accordingly, we conclude that the large gaps between the railing balusters was a static defect of which Prince admittedly had prior knowledge. Under these circumstances, Simmons cannot

be said to have superior knowledge of the hazard. Accordingly, we conclude that Simmons was entitled to summary judgment on Prince's negligence claim.[2]

2. Simmons also contends that he is entitled to summary judgment on Prince's claim of negligence per se. We agree.

(a) Although Prince presented evidence to show that the gaps between the railing balusters violated certain building and safety codes, he failed to demonstrate that compliance with the asserted codes was mandatory. To establish negligence per se based upon the violation of building and safety codes, a plaintiff has to present, inter alia, some evidence that the provisions of the asserted codes are mandatory and have the force of law. *Norman v. Jones Lang LaSalle Americas, Inc.*, 277 Ga. App. 621, 628-629 (2) (b) (627 SE2d 382) (2006). As Prince failed to tender the codes into evidence or otherwise offer any evidence to show that compliance with such codes was mandatory, the allegation of negligence per se is not adequately supported by the evidence. Thus, Prince has failed to present a jury question on the negligence per se claim that would preclude a grant of summary judgment to Simmons. See id.

---

[2] In our ruling herein, we in no way imply that we believe that the balusters at issue were reasonably and adequately constructed or installed. Indeed, from our review of a photo of the balusters, we are appalled that anyone would believe that they were acceptable or safe. However, that fact would be obvious to anyone who had seen them, including the plaintiff.

(b) Furthermore, even if the gaps between the railing balusters in this case violated specific building or safety codes and such violations constituted negligence per se, Prince's negligence per se claim would not automatically survive Simmons' motion for summary judgment. "Negligence per se does not equal liability per se, and [Prince's] equal knowledge of the hazard would still entitle [Simmons] to summary judgment." (Citations omitted.) Id. at 629 (2) (c).

3. In light of our holding in Divisions 1 and 2, the loss of consortium claim fails as a matter of law. See *Briddle v. Cornerstone Lodge of America, LLC*, 288 Ga. App. 353, 355 (654 SE2d 188) (2007) (husband's loss of consortium claim not viable where defendant entitled to summary judgment on wife's personal injury claims).

*Judgment reversed. Dillard, C. J., and Self, J., concur*.