**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 29, 2019**

# In the Court of Appeals of Georgia

A19A0418. SIMON v. MURPHY et al.

MILLER, Presiding Judge.

Wanda Simon appeals from the trial court's grant of summary judgment to The Kroger Company ("Kroger") and Michael Murphy, the manager of a Kroger store in Decatur, Georgia. Simon filed suit against both parties after she tripped and fell over an elevated metal portion of a cart corral in the Kroger parking lot. On appeal, Simon contends that the trial court erred in granting the appellees' summary judgment motion and that it also erred in denying her motion to compel discovery. Having reviewed the record, we determine that the trial court erred in granting the summary judgment motion but did not clearly abuse its discretion in denying Simon's motion to compel. We therefore affirm in part and reverse in part.

"The standards for summary adjudication are well settled." *Berni v. Cousins Properties*, *Inc.*, 316 Ga. App. 502, 504 (729 SE2d 617) (2012). A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. "On appeal, we review the grant or denial of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party." (Citation omitted.) *Washington v. J.D. Royer Wholesale Florist*, 275 Ga. App. 407 (620 SE2d 626) (2005).

So viewed, the record shows that in August 2016, Simon went to a Kroger store in Decatur, Georgia. After exiting the store, Simon loaded her groceries into her car and pushed her shopping cart over to the corral. While leaving the corral, Simon's right foot caught on the steel base of the corral ("the crossbar"), which caused her to fall and break her arm. The crossbar, which typically lies flat on the asphalt, was raised off the ground on one side, at a height of approximately one and one-eighth inches. This damage had occurred after a delivery truck hit the corral. Simon was "very certain" that she tripped over the damaged section of the crossbar because she "felt [her] foot hang up on something" and when she looked back at the corral, she

saw that the elevated part of the crossbar had been in her path. Kroger and Murphy concede on appeal — as they did at the hearing on their motion for summary judgment — that they knew of the damaged condition of the cart corral months before Simon's fall. Murphy testified that he had called the district operations manager to inform him that the corral was "hit and bent," but that the corral had not been replaced.

Simon filed a complaint against Kroger and Murphy in DeKalb County State Court, alleging that they knew of the condition of the corral and were negligent in failing to maintain it and warn her of its dangerous condition. Both appellees moved for summary judgment, arguing that the condition of the corral was open and obvious, that Simon had successfully traversed the crossbar before she eventually tripped, and that Simon had failed to exercise ordinary care. Murphy also argued in a separate motion that any negligent acts that he allegedly committed were done in the scope of his employment and that those acts were attributable to Kroger, rendering him an unnecessary party to the lawsuit.

After a hearing, the trial court determined that the damage to the crossbar was a "clearly visible static condition," that nothing had obstructed Simon's view of the damage, and that it had been present for months. The trial court granted the appellees'

motion for summary judgment and denied Murphy's separate motion for summary judgment as moot. This timely appeal followed.

1. First, Simon argues that the trial court erred in granting summary judgment. According to Simon, there is a fact issue as to whether the hazard was a clearly visible static condition, and that, even assuming it was, there is also a fact issue regarding her knowledge of the condition that precipitated her fall. We agree that the grant of summary judgment was improper.

"To prevail on a 'trip and fall' claim, the plaintiff must prove that (1) the premises owner had actual or constructive knowledge of the hazard; and (2) the plaintiff lacked knowledge of the hazard, despite her exercise of ordinary care, due to actions or conditions within the owner's control." (Citation omitted.) *McLemore v. Genuine Parts Co.*, 313 Ga. App. 641, 643 (722 SE2d 366) (2012). "With respect to the second prong, we determine whether the record shows plainly, palpably, and without dispute that plaintiff had knowledge of the hazard equal or superior to that of defendants or would have had equal or superior knowledge had the plaintiff exercised ordinary care for personal safety." (Citation and punctuation omitted.) Id.

As we approach our analysis, we are mindful of the Supreme Court of Georgia's cautioning that

4

the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication . . . . [A]n invitee's failure to exercise ordinary care is not established as a matter of law by the invitee's admission that he did not look at the site on which he placed his foot or that he could have seen the hazard had he visually examined the floor before taking the step which led to his downfall. Rather, the issue is whether, taking into account all the circumstances existing at the time and place of the fall, the invitee exercised the prudence the ordinarily careful person would use in a like situation.

*Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (B) (493 SE2d 403) (1997). See *Sadtler v. Winn-Dixie Stores, Inc.*, 230 Ga. App. 731, 732-733 (498 SE2d 101) (1998) (applying these principles to a trip and fall claim). "Where reasonable minds can differ as to the conclusion to be reached with regard to questions of whether an owner/occupier breached the duty of care to invitees and whether an invitee exercised reasonable care for personal safety, summary adjudication is not appropriate." *Robinson*, supra, 268 Ga. at 740 (1).

Because the appellees have conceded their knowledge of the hazard, the determinative question is whether there is a fact issue regarding the second prong of a premises liability claim, that is, whether there is a genuine issue of material fact

5

regarding whether Simon lacked knowledge of the damaged portion of the crossbar despite her exercise of ordinary care.

We determine that fact issues remain regarding Simon's knowledge of the hazard as well as her exercise of ordinary care. In his report, Simon's expert explained that the area in which Simon fell was a foreseeable or predictable pedestrian path, and the change in elevation was "inherently hazardous." He explained that according to standard practices for safe walking surfaces, abrupt changes in elevation in surfaces exceeding one-quarter of an inch are not permitted, and he also explained the manner in which such elevations must be beveled.

Simon also testified that although she had previously visited this specific Kroger store, she usually parked on another side of the lot. She estimated that she had parked by the corral only once or twice before and that she can usually see only the sign indicating the location of the corral. On the occasions that she had used the corral, she did not notice any damage. On the day of the incident, Simon saw that the side of the cart corral was damaged and heard the sound of the cart rolling over the crossbar, but she testified that she did not see the damage to the crossbar.[1]

---

[1] We have recognized the general principle that, "[i]f nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks." (Citation omitted.) *Rentz v.*

6

We are unpersuaded by the appellees' argument that although Simon did not see the specific portion of the bar that caused her fall, her general knowledge that the crossbar was present precludes her from recovering as a matter of law. "[I]n our opinion, the critical inquiry is not whether [Simon] had knowledge of the existence of the [crossbar], which she clearly did, but whether she had knowledge of the existence of the danger created by the [elevation in a damaged section of the crossbar]." *Food Giant, Inc. v. Witherspoon*, 183 Ga. App. 465, 469 (2) (359 SE2d 223) (1987). And, there is a jury issue in this regard. Id. (although plaintiff knew of the existence of the metal strip over which she fell, there was a fact issue regarding whether she knew of the danger presented by an improper weld between the metal strip and a post); *Bullard v. Marriott Intl. Inc.*, 293 Ga. App. 679, 681-682 (2) (667 SE2d 909) (2008) ("[I]t is a plaintiff's knowledge of the *specific* hazard which precipitates the trip and fall which is determinative.") (citation omitted); *Gresham v. Bell's Food Market, Inc.*, 244 Ga. App. 240 (534 SE2d 537) (2000) (determining that

---

*Prince of Albany, Inc.*, 340 Ga. App. 388, 390-391 (2) (797 SE2d 254) (2017). However, we cannot say that this record contains "plain, palpable and undisputed evidence" that nothing hindered Simon's ability to see the bent part of the crossbar. Id. at 391 (2). Compare *Simmons v. Prince*, 343 Ga. App. 175, 177 (1) (806 SE2d 627) (2017) (plaintiff admitted to knowing of the gaps between the railing balusters); *LeCroy v. Bragg*, 319 Ga. App. 884, 886 (1) (739 SE2d 1) (2013) (plaintiff testified that she saw the potholes when she drove into the parking lot).

7

the plaintiff had actual knowledge of the hazard and noting that a hazard is defined as the "danger or risk lurking in a situation" which develops into an agency of harm).

Second, we cannot conclude as a matter of law that, during her entry into the corral Simon successfully negotiated the specific hazard that caused her fall. Simon testified only that she heard the "bounce" of the cart as she placed it in the corral. The corral was 68 inches wide, only a portion of the crossbar was elevated, and the record does not indicate what portion of the crossbar Simon traversed as she entered the corral. See *Bullard*, supra, 293 Ga. App. at 682 (2) (evidence did not demand a finding that plaintiff had encountered or successfully negotiated the raised brick that caused her fall because "although she had used the pathway numerous times, she was not familiar with the portion of the walkway where she was injured"); *Christensen v. Overseas Partners Capital, Inc.*, 249 Ga. App. 827, 829 (2) (549 SE2d 784) (2001) (fact issue remained regarding whether plaintiff knew of the dangerous condition that caused her fall because although she successfully walked up the ramp upon her entry into the building, there was no evidence that she had actual knowledge of the uneven joint between the handicap ramp and the parking deck). Moreover, the expert indicated that the frame and body of the shopping cart would create a visual

8

obstruction between the person pushing the cart, so as to make the hazard not readily apparent.

There are also fact issues regarding Simon's exercise of ordinary care. First, when the evidence is viewed in the light most favorable to Simon, we conclude that reasonable minds can differ on whether the damaged section of the grey steel crossbar in this case, elevated slightly more than an inch above grey asphalt, was open and obvious. See *Stenhouse v. Winn Dixie Stores, Inc.*, 147 Ga. App. 473, 475 (249 SE2d 276) (1978) (jury issue existed where plaintiff fell over an iron pole in grocery store); *Gray v. Delta Air Lines, Inc.*, 127 Ga. App. 45, 46-52 (1) - (2) (192 SE2d 521) (1972) (fact issue existed where plaintiff tripped over metal base which was seven inches high). Simon explained that as she was exiting the corral, she was looking in the direction in which she was turning. She maintained that she was "walking normally" and her gaze was at eye level. Although Simon was not looking down directly at her steps, "an invitee need not look continuously at the ground for defects because the invitee is entitled to assume that the owner/occupier has exercised reasonable care to make the premises safe." (Citation and punctuation omitted.) *Christensen*, supra, 249 Ga. App. at 829 (2).

Given the record before us, including the photographic evidence of the damaged crossbar, "the extent to which [Simon's] conduct contributed to [her] fall, if at all, is certainly not plain, palpable, and undisputable, rendering this issue inappropriate for summary adjudication." *Baker v. Harcon, Inc.*, 303 Ga. App. 749, 754 (a) (ii) (694 SE2d 673) (2010); *Anderson v. Turton Dev., Inc.*, 225 Ga. App. 270, 273 (1) (483 SE2d 597) (1997) ("The evidence is not so plain, palpable, and undisputable as to support the conclusion that, as a matter of law, the plaintiff is precluded from recovering because her own negligence preponderated in causing her injury."). Because genuine issues of material fact remain, the trial court erred in granting the appellees' motion for summary judgment.[2]

2. Next, Simon claims that the trial court committed reversible error in denying her motion to compel discovery. We disagree.

The Civil Practice Act allows discovery of matters which are "relevant and reasonably calculated to lead to the discovery of admissible evidence." (Punctuation omitted.) *Apple Investment Properties, Inc. v. Watts*, 220 Ga. App. 226, 227 (1) (469 SE2d 356) (1996). See OCGA § 9-11-26 (b) (1). Importantly, "trial courts have broad

---

[2] In light of our conclusion, we do not address Simon's argument that the trial court erred in considering materials filed by the appellees the day prior to the hearing on the summary judgment motion.

discretion to determine what is and what is not discoverable, and this [C]ourt will not interfere with those decisions absent a clear abuse." (Citation omitted.) *Dikeman v. Mary A. Stearns, P.C.*, 253 Ga. App. 646, 647 (1) (560 SE2d 115) (2002).

According to deposition testimony, Kroger stores feature a program called the Star 360 program, "designed for employees to give feedback and/or have discussion on safety issues whether good or bad at the store." In connection with this program, Kroger stores keep a binder that "covers store safety" for the entire year and contains information regarding Kroger's workers' compensation and general liability matters. Although Kroger produced a blank version of the binder, outlining its safety requirements and procedures, Simon filed a motion to compel the production of the entire binder for 2016 for the Kroger store at issue.

Here, however, the human resources assistant manager for Kroger testified, "we do not get 360's for incidents in the parking lot." He later explained that incidents which occur outside the store are not documented in the Star 360 binder, but rather, in an incident report. Also, in their responses to Simon's interrogatories, the appellees stated that prior to Simon's fall, they were not aware of any injuries due to tripping, falling or stumbling over the damaged cart corral at the Kroger store at issue. Counsel for the appellees submitted a sworn affidavit indicating that she had reviewed the

11

binder maintained in the store and that it did not reference Simon's fall or any other outdoor incidents. Given such evidence in the record, Simon has not demonstrated the trial court's clear abuse of its discretion in denying her motion to compel. See *Dagel v. Lemcke*, 245 Ga. App. 243, 244 (2) (537 SE2d 694) (2000) (trial court did not abuse its discretion in determining that additional discovery was immaterial). Therefore, this enumeration fails.

In sum, we affirm the trial court's denial of Simon's motion to compel but reverse the trial court's grant of the appellees' motion for summary judgment. In so doing, we note that Murphy's separate motion for summary judgment, in which he argued that he is not subject to liability as the store manager, is no longer moot, and the trial court should address this motion on remand.

*Judgment affirmed in part and reversed in part. Rickman and Reese, JJ., concur.*