**FIFTH DIVISION**
**RICKMAN, C. J.,**
**McFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 11, 2022**

# In the Court of Appeals of Georgia

A21A1659. BETHUNE v. BETHUNE.

McFADDEN, Presiding Judge.

This interlocutory appeal concerns a discovery dispute in a proceeding under the Georgia Power of Attorney Act. The trial court was called upon "to construe a power of attorney[,] review the agent's conduct, and grant appropriate relief[.]" OCGA § 10-6B-16 (a). The principal under the power of attorney is Mary Jewell Bethune (hereinafter "the principal"). The agent is appellee Donald Bethune (hereinafter "the agent"), one of the principal's sons. The petitioner is appellant Richard Bethune (hereinafter "the petitioner "), who is also the principal's son.

The discovery at issue falls into two categories: (1) information and documents related to the principal's and the agent's bank accounts during periods before the power of attorney went into effect, and (2) the principal's last will and testament. The

trial court granted the agent's motions for protective orders and to quash subpoenas related to that discovery. Among other things, the trial court held that the requested information and documents were not relevant to the proceeding and that the will was subject to attorney-client privilege.

As detailed below, the trial court clearly abused his discretion in holding that the requested information and documents were irrelevant. So as to the banking records, we vacate the order and remand the case for the trial court to reconsider whether to permit discovery of those records. But we affirm the order as to the will because, as the trial court correctly held, the will was subject to attorney-client privilege.

1. *Procedural history.*

On October 27, 2020, petitioner Richard Bethune filed an action seeking relief under the Georgia Power of Attorney Act, OCGA § 10-6B-1 et seq. He asserted in his petition that, under a general power of attorney executed on November 14, 2019, Donald Bethune was acting as the agent for the parties' 89-year-old mother.

The petition raised several concerns about the agent's handling of the principal's financial affairs, many specifically centered on the agent's actions in connection with the principal's bank accounts. For example, the petitioner asserted

2

that the agent had taken certain funds out of the principal's bank account and placed them in an account that was only in the agent's name. In his answer, the agent denied or contested the petitioner's characterization of his actions in connection with the bank accounts. The agent also asserted a defense that referred to financial dealings between the principal and the agent predating the power of attorney:

> Respondent's authority to manage the funds about which Petitioner has concerns in his Section 10-6B-16 Petition was not derived from, or governed by, the November 14, 2019, General Power of Attorney, but emanates from the fact that such funds were held *for the last several years* in bank accounts designating Respondent and Mary Jewell Bethune as the joint titleholders thereof.

(Emphasis supplied.)

As the case progressed, the agent challenged some of the petitioner's discovery requests directed to himself and to third party banks. He sought a protective order regarding and sought to quash in part subpoenas for depositions that the petitioner issued to the banks under OCGA § 9-11-30 (b) (6), in which the petitioner sought records from January 1, 2016, forward of bank accounts belonging to the agent or the principal. And he sought a protective order regarding the petitioner's request that he produce copies of checking account statements and canceled checks for any accounts

3

holding funds belonging to the principal or being held on her behalf, without date restriction, and that he produce the principal's last will and testament.

After hearing argument from the parties, the trial court granted the agent's motions to quash and for protective orders. The trial court prohibited discovery of any banking records predating November 14, 2019 (the effective date of the power of attorney), finding among other things that those records were "neither relevant nor material to any alleged actions pursuant to the power of attorney." And the trial court held that the agent was not required to produce the principal's will, because the request was "improper for the same reasons as are the requests for the banking records which predate the power of attorney" and because the will was "protected by [the principal's] attorney-client privilege, [which had] not been compromised through disclosure to [the agent]."

We granted the petitioner's request for interlocutory review of these rulings.

2. *Analysis.*

Georgia's Civil Practice Act provides for broad discovery into all matters that are relevant and not privileged. See OCGA § 9-11-26 (b) (1). See also *Hickey v. RREF BB SBL Acquisitions*, 336 Ga. App. 411, 414 (2) (a) (785 SE2d 72) (2016) ("The only requirements placed by the Georgia legislature on discovery requested

4

from nonparties is that the documents must be relevant and nonprivileged.") (citation and punctuation omitted).

Our Evidence Code defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OCGA § 24-4-401. "This is a binary question — evidence is either relevant or it is not." *Moon v. State*, 312 Ga. 31, 51 (3) (a) (860 SE2d 519) (2021) (citation and punctuation omitted). "In the context of discovery, courts should and ordinarily do interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Hickey*, 336 Ga. App. at 414 (2) (a) (citation and punctuation omitted). "The discovery procedure is to be given a liberal construction in favor of supplying a party with the facts without reference to whether the facts sought are admissible upon the trial of the action." *Clayton County Bd. of Tax Assessors v. Lake Spivey Golf Club*, 207 Ga. App. 693, 696 (2) (428 SE2d 687) (1993) (citation and punctuation omitted).

"The term 'not privileged' [in OCGA § 9-11-26 (b) (1)] refers to the concept of 'privileges' as that term is used in the law of evidence." *Hill, Kertscher & Wharton, LLP v. Moody*, 308 Ga. 74, 78 (2) n. 2 (839 SE2d 535) (2020). Under our

5

Evidence Code, "[c]ommunications between attorney and client" are privileged. OCGA § 24-5-501 (a) (2).[1]

"A trial court has wide discretion in entering orders to prevent the use of discovery directed to irrelevant or immaterial matter." *Atlanta Journal-Constitution v. Jewell*, 251 Ga. App. 808, 812 (2) (555 SE2d 175) (2001). But although that discretion is wide, it can be abused. See, e.g., *RTA Strategy v. Silver Comet Terminal Partners*, 347 Ga. App. 266, 268-269 (817 SE2d 720) (2018) (trial court erred in granting motion to compel discovery that was neither relevant to the subject matter of the underlying dispute nor reasonably calculated to lead to the discovery of admissible evidence); *Clayton County Bd. of Tax Assessors*, 207 Ga. App. at 695-696 (2) (trial court erred in limiting discovery of documents that appeared reasonably calculated to lead to the discovery of admissible evidence, where the party opposing the discovery failed to show that the party seeking the documents was motivated by bad faith or harassment in requesting them). We "will not interfere with [the trial

---

[1] This provision retains the privilege set forth in former OCGA § 24-9-21 (2). Because there is no materially identical Federal Rule of Evidence, "our case law interpreting that former provision applies." *State v. Almanza*, 304 Ga. 553, 557 (2) (820 SE2d 1) (2018). Compare OCGA § 24-5-501 (a) (2) with Fed. R. Evid. 501 & 502.

court's discovery] decisions absent a clear abuse [of discretion]." *Simon v. Murphy*, 350 Ga. App. 291, 296 (2) (829 SE2d 380) (2019) (citation and punctuation omitted).

With these principles in mind, we turn to the specific discovery disputes in this case.

(a) *Banking records predating the effective date of the power of attorney.*

The trial court held that the banking records predating the power of attorney were not discoverable because, among other things, they were irrelevant to this action. The trial court abused his discretion in so ruling.

The fact that the records predated the power of attorney does not alone determine their relevance. As discussed above, evidence is relevant if it has any tendency to make the existence of a "fact of consequence" to the action more or less probable. OCGA § 24-4-401. This proceeding under the Georgia Power of Attorney Act involves a review of the agent's conduct in connection with his duties to the principal. See OCGA § 10-6B-16 (a). The Georgia Power of Attorney Act requires an agent, among other things, to "[a]ct loyally for the principal's benefit[,]" OCGA § 10-6B-14 (b) (1), to "[a]ct so as not to create a conflict of interest that impairs the agent's ability to act impartially in the principal's best interest[,]" OCGA § 10-6B-14 (b) (2), and to "[a]ct with the care, competence, and diligence ordinarily exercised by

7

agents in similar circumstances[.]" OCGA § 10-6B-14 (b) (3). The interrelationship between the finances of the agent and the principal, both before and after the power of attorney became effective, pertains to issues such as the agent's loyalty to the principal, the existence of conflicts of interest between the two, and the circumstances under which ordinary diligence is assessed. Our Supreme Court recognized that point in *LeCraw v. LeCraw*, 261 Ga. 98, 99-100 (401 SE2d 697) (1991), affirming the trial court's ruling that a power of attorney authorized the agents to make certain monetary gifts because those gifts continued the principal's earlier practice. Similarly, in this case the agent argues that actions he took in connection with the principal's bank accounts or funds simply continued an earlier practice between the two; indeed, in his answer the agent points to this earlier practice as the source of his authority to act as he did after the power of attorney went into effect. Under these circumstances, we cannot say that the banking records predating the power of attorney have no tendency to make the existence of a "fact of consequence" to this proceeding more or less probable.

The fact that the banking records are relevant does not automatically mean that they are discoverable in this case. As the agent asserts, they are confidential in nature. But "relevant nonparty banking records are discoverable, within the discretion of the

8

trial court, notwithstanding that, in the discovery process, nonparties' privacy interests must be accommodated." *Speedy Care Transport v. George*, 348 Ga. App. 325, 331 (2) (b) (822 SE2d 687) (2018). Moreover, there is no "reasonable expectation of privacy in copies of checks and deposit slips relating to a checking account, as they are instruments of commercial trade which must necessarily be exposed to numerous persons in the ordinary course of business." *Hickey*, 336 Ga. App. at 417 (2) (c) (citation and punctuation omitted). Instead, a protective order may be sought to insure the records' confidentiality. See *Sechler Family Partnership v. Prime Group*, 255 Ga. App. 854, 859 (5) (567 SE2d 24) (2002).

Nevertheless, where "parties seek discovery of unprivileged but sensitive materials, the trial court must balance the requesting party's specific need for the material against the harm that would result by its disclosure." *Atlanta Journal-Constitution*, 251 Ga. App. at 812 (2). Because the trial court erroneously found that the banking records were irrelevant, we may infer that the trial court concluded — also erroneously — that the petitioner had no need for them. So the trial court must revisit this balancing test. We therefore "vacate the [trial court's ruling as to the banking records] and remand this case to the trial court for the judge to perform the

balancing test in accordance with this opinion." Id. at 813-814 (2). See also *Hampton Island Founders v. Liberty Capital*, 283 Ga. 289, 296-297 (4) (658 SE2d 619) (2008).

(b) *The principal's last will and testament.*

The trial court held that the agent did not need to produce the principal's last will and testament on several alternative grounds, including that the will was not relevant and that it was subject to the attorney-client privilege. Contrary to the trial court's conclusion, the will was relevant. As discussed above, one of the purposes of this action was to "review the agent's conduct" in connection with his responsibilities under the power of attorney, OCGA § 10-6B-16 (a), and among other things, the Georgia Power of Attorney Act required the agent to "[a]ttempt to preserve the principal's estate plan, to the extent actually known by the agent, if preserving such plan is consistent with the principal's best interest based on all relevant factors[.]" OCGA § 10-6B-14 (b) (6). Evidence of the terms of the principal's will would have a tendency to make the existence of a fact of consequence to this proceeding more or less probable. See OCGA § 24-4-401.

Nevertheless, the trial court did not clearly abuse his discretion in concluding that the will was not discoverable because it was subject to attorney-client privilege. The privilege afforded to communications between an attorney and a client extends

10

to wills that have not been submitted to probate. See *DeLoach v. Myers*, 215 Ga. 255, 258 (2) (109 SE2d 777) (1959); *Schaffer v. Fox*, 303 Ga. App. 584, 587 (2) (693 SE2d 852) (2010). But see generally *Swidler & Berlin v. United States*, 524 U. S. 399, 404-405 (118 SCt 2081, 141 LE2d 379) (1998) (identifying various state court decisions, including *DeLoach*, 215 Ga. at 260 (2), that "view testamentary disclosure of communications as an exception to the privilege" *after* the testator's death).

The attorney-client privilege belongs to the principal, as the client, see *Spence v. Hamm*, 226 Ga. App. 357, 358 (1) (487 SE2d 9) (1997) (physical precedent) (citing *Moclaire v. State*, 215 Ga. App. 360, 363 (5) (451 SE2d 68) (1994)), and the petitioner argues that the agent cannot invoke it. We are not persuaded by this argument for two reasons.

First, the record shows that the attorney who drafted the will also invoked the privilege on her behalf. That attorney, who also represents the agent, stated in a letter to the petitioner's attorney that he was "not at liberty to discuss [the will's] contents . . . without [the principal's] written authority." The attorney-client privilege may be invoked on the client's behalf by the attorney. See *Moclaire*, 215 Ga. App. at 363 (5) (noting that the attorney-client privilege "was properly invoked by [an] attorney" on

11

behalf of a client to prevent the attorney from being compelled to give testimony that would impeach the client, who was testifying as a state witness in a criminal trial).

Second, an agent with authority to exercise the principal's legal rights may invoke the attorney-client privilege on the principal's behalf. See *Schaffer*, 303 Ga. App. at 587 (2) (an executor stands in the place of a deceased testator and may, in that capacity, invoke the attorney-client privilege to prevent testimony from the deceased's attorney regarding the preparation of wills). See also John D. Hadden, Green's Georgia Law of Evidence § 5:18 (2019-2020 ed.) ("fiduciaries acting in the client's interest qualify to claim the privilege"). We recognize that the agent in this case, as the respondent to the petition, personally benefits from invoking the attorney-client privilege. And if he were *only* acting in his personal capacity — in essence, as a stranger to the attorney-client relationship — he could not invoke the privilege. See *Schaffer*, 303 Ga. App. at 587 (2). But the circumstances of this case do not compel a conclusion that the agent is acting only in his personal capacity. The power of attorney expressly gave the agent authority to exercise the principal's legal rights on her behalf. Nothing in the record suggests that the principal authorized the disclosure of her privileged communications regarding the terms of her will or that she, or her agent on her behalf, had disclosed that information to a stranger to the relationship

12

or taken any other action that would deprive her of the right to invoke the attorney-client privilege as to that information. Under these circumstances, we discern no clear abuse of discretion in the trial court's ruling that the attorney-client privilege applies and bars the discovery.

We are not persuaded by the petitioner's argument that the Georgia Power of Attorney Act provides an exception to the attorney-client privilege in these circumstances. The petitioner points to the statutory provision, mentioned above, requiring an agent to "[a]ttempt to preserve the principal's estate plan[.]" OCGA § 10-6B-14 (b) (6). But nothing in the plain language of that provision purports to create an exception to the attorney-client privilege set forth in OCGA § 24-5-501 (a) (2). We decline to read the Georgia Power of Attorney Act to require disclosure of the terms of a principal's will where, as here, those terms are otherwise privileged and persons authorized to invoke that privilege on behalf of the principal have done so. As our Supreme Court has held,

> if the purpose of [a] privilege is to be served, the participants in the confidential conversation must be able to predict with some degree of certainty whether particular discussions will be protected. An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all.

13

*Cooksey v. Landry*, 295 Ga. 430, 436 (3) (761 SE2d 61) (2014) (citations and punctuation omitted).

For these reasons, we find that the trial court did not clearly abuse his discretion in concluding that the principal's will was privileged, and therefore granting the agent's motion for an order protecting it from production.

*Judgment affirmed in part and vacated in part and case remanded. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur*.