**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 27, 2024**

# In the Court of Appeals of Georgia

A24A0537. AMERICAN MULTI-CINEMA, INC. v. GILLIS.

WATKINS, Judge.

In this premises liability action, American Multi-Cinema, Inc. ("AMC"), appeals from the trial court's denial of AMC's motion for summary judgment. AMC contends that Marie Gillis, the plaintiff, had equal knowledge of the hazard. We agree, and for the reasons set forth below, reverse.

> Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

---

[1] (Citation and punctuation omitted.) *D'Elia v. Phillips Edison & Co., Ltd.*, 354 Ga. App. 696, 697 (839 SE2d 721) (2020).

So viewed, the record shows that Gillis visited an AMC theater in 2018. Gillis typically went to the theater every Sunday afternoon to see a matinee. The theater had five stairs leading up to its entrance. The stairs were divided into three segments separated by brick columns. The two outer portions of the stairs had a handrail; however, the inner portions with the brick columns did not have a handrail.

Gillis went to the theater on a sunny Sunday afternoon. Gillis walked up the stairs to check the showtimes. She used the left segment of the stairs where there was a handrail on the left side. She checked the showtime and proceeded back down the same segment of stairs. While walking down the stairs near the inner brick columns, she reached for a handrail, which the columns did not have, lost her balance, and fell. Gillis testified that the lack of a handrail (or at least her reaching out for it) caused her fall. Although Gillis had frequently visited the theater and had used those steps before, she typically used the right entrance or the ramps next to the stairway.

Gillis filed a complaint for damages against AMC and other parties, alleging that AMC was negligent under a premises liability theory. AMC filed a motion for summary judgment, which the trial court denied after a hearing. The court found that Gillis had "submitted an affidavit and inspection report by a building expert . . . who

contend[ed] that [AMC] breached the standard of care by failing to have handrails in compliance with building codes. The [c]ourt f[ound] this evidence sufficient for this claim to survive summary judgment." We granted AMC's application for interlocutory review, and this appeal followed.

On appeal, AMC argues that Gillis had equal knowledge of the lack of a handrail which led to her fall. AMC contends that the lack of handrail was an "open and obvious" static condition which Gillis should have noticed and could have avoided by the exercise of reasonable care.[2]

> Under OCGA § 51-3-1, a person who owns or occupies land and by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose[ ] is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. In order to recover on a premises liability claim, a plaintiff must show (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. Accordingly, the fundamental basis for an owner or occupier's liability is that party's superior knowledge of the hazard encountered by the

---

[2] Gillis did not file a response brief, although she was not required to under our Court rules. See Court of Appeals Rule 23 (b) ("Appellees are encouraged but, other than the State in a criminal case, are not required to file a brief.").

plaintiff. In other words, a plaintiff is not entitled to recovery if the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant.[3]

"We have held that the inadequacy or lack of a stairway railing may constitute a static condition."[4] "A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it."[5] "When the claim involves a static condition, if nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks."[6]

Here, we agree with AMC that the lack of handrail constituted an open and obvious static condition. The weather was clear, and nothing obstructed Gillis's view of the hazard.[7] Although Gillis testified that she did not notice the lack of handrail,

---

[3] (Citation and punctuation omitted.) *D'Elia*, 354 Ga. App. at 698.

[4] *Simmons v. Prince*, 343 Ga. App. 175, 177 (1) (806 SE2d 627) (2017).

[5] (Citation and punctuation omitted.) *D'Elia*, 354 Ga. App. at 698.

[6] (Citation and punctuation omitted.) Id. at 698-699.

[7] See *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291, 292-293 (2) (435 SE2d 764) (1993) ("[T]he lighting was adequate, the weather was clear, and there were no factors distracting [the plaintiff] from exercising due care for her own safety[.]") (citation and punctuation omitted).

"[w]here an obstruction is perfectly obvious and apparent, so that one looking ahead would necessarily see it, the fact that the plaintiff merely failed to look will not relieve her from the responsibility for her misadventure."[8] Thus, because Gillis was presumed to possess equal knowledge of the hazard, AMC was entitled to summary judgment.[9]

Gillis's assertion of negligence per se based on an alleged violation of building codes does not save her claim. "Negligence per se does not equal liability per se, and [Gillis's] equal knowledge of the hazard would still entitle [AMC] to summary judgment."[10]

---

[8] (Citation and punctuation omitted.) *D'Elia*, 354 Ga. App. at 700.

[9] See id. 699-700 (affirming summary judgment because an uneven walkway was an open and obvious static condition); *Simmons*, 343 Ga. App. at 177 (1) (defendant entitled to summary judgment where the uncontroverted evidence was that "the large gaps between the railing balusters where [the plaintiff] fell were clearly visible, open and obvious").

[10] (Citation and punctuation omitted.) *Simmons*, 343 Ga. App. at 178 (2) (b); accord *Gilchrist v. Meldi Sub, LLC*, 363 Ga. App. 53, 60 (2) (870 SE2d 541) (2022) ("But even assuming that [the plaintiff] could otherwise establish negligence per se based on a violation of the ADA, that claim still fails as a matter of law under the equal knowledge rule."); *Barnes v. Morganton Baptist Assn.*, 306 Ga. App. 755, 759 (2) (b) (703 SE2d 359) (2010) ("But even assuming, without deciding, that plaintiffs are correct that the defendants were negligent per se in failing to comply with the building code, this does not impose liability where the owner lacks superior knowledge of the

For these reasons, the trial court erred in denying AMC's motion for summary judgment. We therefore reverse.

*Judgment reversed. Doyle, P. J., and Hodges, J., concur.*

---

hazard."); *Norman v. Jones Lang LaSalle Americas, Inc.*, 277 Ga. App. 621, 629 (2) (c) (627 SE2d 382) (2006).